# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff, | Case No. 2:10-cr-449-LDG (RJJ) |
| v. | **ORDER** |
| CESAR FERNANDEZ-VIRGIN, | |
|     Defendant. | |

      The United States has charged that defendant Cesar Fernandez-Virgin was found unlawfully in the United States after previously having been deported and removed, in violation of 8 U.S.C. §1326.  The one-count indictment alleges Fernandez was deported and removed on five prior occasions: on or about February 24, 1993; April 17, 1995; August 25, 1997; January 31, 2000; and March 23, 2007.

      Fernandez moves to strike (#19) the 1997, 2000, and 2007 removals from the indictment and to preclude the United States from using these three removals at trial.  The Government opposes (## 20, 21).  Having read and considered the arguments and the record, the Court will deny the motion.

Pursuant to *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987), administrative determinations that play a critical role in subsequent criminal proceedings must be subject to a meaningful opportunity for judicial review.  In the context of a §1326 prosecution, if "the defendant's deportation proceedings fail to provide this opportunity, the validity of the deportation may be collaterally attacked in the criminal proceeding."  *United States v. Arrieta*, 224 F.3d 1076, 1078 (9th Cir. 2000).  To sustain a collateral attack, the defendant must show he (1) "exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair."  "An underlying removal order is 'fundamentally unfair' if: (1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects."  *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004) (internal quotation marks, citation, and alteration omitted).

<u>1997 and 2000 Removals</u>

In 1995, Fernandez was convicted of violating California Penal Code §11352(a).  By Notice of Intent dated October 22, 1996, the United States charged that Fernandez was deportable as he had been convicted of an aggravated felony.  The Notice of Intent alleged that Fernandez had been convicted of §11352(a).  Fernandez did not contest the allegations and charge of the Notice of Intent.  As Fernandez was determined to be an alien convicted of an aggravated felony, he was ineligible for any relief from deportation.

In seeking collateral relief, Fernandez argues that §11352(a) is not categorically an aggravated felony.  As such, he should not have been subject to an administrative removal proceeding as an alien convicted of an aggravated felony, but should have been subject to standard removal proceedings in which he would have been eligible for relief from deportation.  He argues that he suffered prejudice from this due process defect, as he had

plausible grounds for receiving relief from deportation in the form of voluntary departure because "based upon the information available and the charges against him, [he] could not have been determined to qualify" as an aggravated felon.

In opposing, the Government does not contest whether §11352(a) is categorically an aggravated felony. Rather, the Government notes that the defendant was also convicted, in 1992, of violating §11351.5, and that §11351.5 is categorically an aggravated felony. As such, Fernandez was not eligible for voluntary departure.

Fernandez' argument rests upon an unsupported and implicit argument that, in determining his eligibility for discretionary relief from his 1997 deportation, both an immigration judge and this Court can look only to the allegations and charges of the 1996 Notice of Intent. While Fernandez asserts that, based upon the "information available," he could not have been determined to be an aggravated felon, such a conclusion requires limiting the "information available" to the allegations of the Notice of Intent. Fernandez was convicted of §11351.5 in 1992. Information of that aggravated felony conviction was available in 1996. Further, such information is available to the Court now. That information precludes a determination that, in 1996, Fernandez was not an aggravated felon and was thus eligible for discretionary relief. Fernandez could not have suffered prejudice from the failure to inform him of the availability of discretionary relief because Fernandez was not eligible for discretionary relief. Accordingly, Fernandez' collateral challenge of his 1997 deportation and removal is without merit.

As Fernandez was removed in 2000 pursuant to a reinstatement of his 1997 deportation, his collateral challenge to his 2000 removal is also without merit.

2007 Removal

While Fernandez asserts that his 2007 removal "is invalid because the statute under which he was ordered removed on this occasion violates equal protection and due process," he does not offer any argument or citation suggesting that the statute, 8 U.S.C.

1  §1225(b)(1), is unconstitutional.  Rather, his argument arises from an asserted unequal
2  application of this statute by the Department of Homeland Security.  He asserts that, while
3  some non-permanent resident aliens subject to expedited removal proceedings under
4  §1225(b)(1) are removed pursuant to §1225(b)(1), other "identically situtated non-
5  permanent resident aliens subject to expedited removal proceedings under §1225(b)(1)"
6  are placed into removal proceedings pursuant to §1229a or are simply permitted to
7  withdraw their request for admission.

8       Fernandez' argument fails for numerous reasons.  First, while Congress has
9  provided for judicial review of expedited removals, such review is limited to determining (1)
10 whether the petitioner is an alien, (2) whether the petitioner was ordered removed pursuant
11 to the expedited removal process, and (3) whether the petitioner was a lawful permanent
12 resident or refugee or has been granted asylum.  *See* 8 U.S.C. §1252(e)(2).  Accordingly,
13 this Court lacks jurisdiction to hear Fernandez' argument that the Department of Homeland
14 Security applies §1225(b)(1) disparately.  Second, even assuming Fernandez could
15 challenge the alleged disparate treatment, Fernandez has not offered any support for his
16 assertions that some non-permanent resident aliens who are subject to expedited removal
17 under §1225(b)(1) are, instead, permitted to withdraw their applications or are placed into
18 §1229a removal proceedings.  Third, assuming Fernandez could challenge that disparate
19 treatment and further assuming that Fernandez had shown disparate treatment, Fernandez
20 lacked any constitutional right to be treated equally with other non-permanent resident
21 aliens subject to expedited removal under §1225(b)(1) as he had not been admitted at the
22 time of his 2007 removal.  *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("[A]n alien
23 seeking initial admission to the United States requests a privilege and has no constitutional
24 rights regarding his application. . . .").  Therefore, the Court finds that Fernandez' collateral
25 challenge as to his 2007 removal is without merit.  Accordingly,
26

THE COURT **ORDERS** that Defendant's Motion in Limine to Preclude the Use of Three of the Charged Removals at Trial and to Strike the Same Unlawful Removals From the Indictment (#19) is DENIED.

DATED this \_\_11\_\_ day of March, 2011.

_____
Lloyd D. George
United States District Judge